OPINION
{¶ 1} Defendant, Raymond J. Garvin, appeals from his conviction for domestic violence. R.C. 2919.25.
 {¶ 2} On January 19, 2005, Ramona Beasley called the Dayton Police to report injuries she had suffered at the hands of Defendant, who is her live-in boyfriend and the father of her child. When police arrived Beasley reported that she and Defendant had struggled over a cell phone, and that bruises and cuts on her face were the result of Defendant's striking her with the phone three times. Beasley also stated that Defendant had dragged her through the yard.
 {¶ 3} Defendant was arrested and subsequently was indicted on one count of domestic violence. R.C. 2919.25(A). At trial, Ramona Beasley changed her story. She testified that during her struggle with Defendant over the cell phone, the phone snapped back and struck her in the face, twice. She explained that the injury to her eye was caused by the phone's antenna.
 {¶ 4} Officer Tipton, who had responded to Beasley's telephone call, testified at trial to the statements Beasley made to him on January 19, 2005, as set out above. Officer Tipton also testified that Beasley's left eye and both of her lips were swollen when he interviewed her on that date. Dayton Police Detective James Dix testified that he met with Beasley the following day and that she had swelling around her left eye and laceration of the lower lip. Detective Dix also testified that Beasley told him that Defendant struck her with the phone three times.
 {¶ 5} The jury returned a guilty verdict. Defendant was convicted and sentenced pursuant to law. He filed a timely notice of appeal.
ASSIGNMENT OF ERROR
 {¶ 6} "THE VERDICT AGAINST MR. GARVIN WAS NOT SUPPORTED BY THE SUFFICIENCY OF THE EVIDENCE."
 {¶ 7} A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law. State v. Thompkins (1997), 78 Ohio St.3d 380, 386. "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, 259-60, at paragraph two of the syllabus.
 {¶ 8} The Domestic Violence statute, R.C. 2919.25(A), provides that "no person shall knowingly cause or attempt to cause physical harm to a family or household member." A "family or household member" includes "[t]he natural parent of any child of whom the offender is the other natural parent or is the putative other natural parent." R.C.2919.25(F)(1)(b). "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B). "`Physical harm to persons' means any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3).
 {¶ 9} Defendant argues that the evidence was insufficient to prove that he "knowingly cause(d) physical harm" to Beasley because the version of events to which she testified at trial demonstrates that Beasley's injuries were accidental, and it further undermines the credibility of the statements she made to Officer Tipton and Detective Dix concerning the origin of her injuries.
 {¶ 10} Evidence of the statements Beasley made to Officer Tipton and Detective Dix, if believed, is sufficient in law to prove that Defendant knowingly caused physical harm to Beasley. With respect to the sufficiency of the evidence, the credibility of those witnesses is presumed, and is not undermined by Beasley's contrary testimony at trial. The sufficiency of the evidence required for conviction having thus been established, on the matter of guilt or innocence "[t]he decision whether, and to what extent, to credit the testimony of particular witnesses is within the particular competence of the factfinder, who has seen and heard the witness." State v. Lawson (August 22, 1997), Montgomery App. No. 16288.
 {¶ 11} The assignment of error is overruled. Defendant's conviction and sentence will be affirmed.
WOLFF, J. And FAIN, J., concur.